UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MALCO ENTERPRISES OF NEVADA, INC., d/b/a BUDGET CAR AND TRUCK RENTAL OF LAS VEGAS,<br><br>Plaintiff(s),<br><br>v.<br><br>MARIA GABRIELA DE LA CRUZ ORTEGA, et al.,<br><br>Defendant(s). | Case No. 2:22-CV-1686 JCM (BNW)<br><br>ORDER |

Presently before the court is defendants Gustavo A. De La Cruz Ortega and Maria Grabriela De La Cruz Ortega (the "De La Cruzes")'s motion to dismiss.  (ECF Nos. 5, 8).  Plaintiff Malco Enterprises of Nevada, Inc. d/b/a Budget Car and Truck Rental of Las Vegas ("Malco") responded.  (ECF No. 10).  The De La Cruzes replied.  (ECF No. 13).

Also before the court is Malco's motion for summary judgment.  (ECF No. 9).  The De La Cruzes responded.  (ECF No. 14).  Malco replied.  (ECF No. 16).

Also before the court is Malco's motion to consolidate cases to which no party responded.[1]  (ECF No. 18).

Also before the court is Malco's motion for default judgment against defendant Christina Nicole Hess ("Hess").  (ECF No. 22).  The De La Cruzes responded.  (ECF No. 24).  Malco replied.  (ECF No. 25).

Also before the court is Hess's motion to set aside the clerk's entry of default.  (ECF No. 34).  Malco responded.  (ECF No. 35).  The De La Cruzes replied.  (ECF No. 36).

---

[1] The case with which plaintiff sought to consolidate this matter has been dismissed, rendering this motion moot.  *See* Minute Order, De La Cruz Ortega v. Hess et al, No. 2:22-cv-02040-MMD-DJA (D. Nev. Dec. 13, 2022), ECF No. 9.

**James C. Mahan**
**U.S. District Judge**

## I. INTRODUCTION

This matter arises from a motor vehicle collision between Hess and the De La Cruzes on November 8, 2021 (the "accident"). Hess was operating a motor vehicle that she rented from Malco and was traveling southbound on Fremont Street. The De La Cruzes were stopped facing northbound on Fremont Street, waiting to turn left onto St. Louis Avenue. When the De La Cruzes were turning through the intersection, Hess entered the intersection, striking the right side of the De La Cruzes' motor vehicle. The police report originally indicated that the De La Cruzes were at fault, but their attorney submitted evidence that resulted in finding that Hess was at fault and amending the report accordingly.

The De La Cruzes subsequently filed a complaint in state court (the "state court action") naming Hess and Malco as defendants. Malco removed that case to federal court, but it was voluntarily dismissed by the De La Cruzes. *See* Notice of Voluntary Dismissal and Minute Order, De La Cruz Ortega v. Hess et al, No. 2:22-cv-02040-MMD-DJA (D. Nev. Dec. 13, 2022), ECF Nos. 8, 9.

Malco brought the instant action against the De La Cruzes and Hess seeking a laundry list of repetitive declaratory judgments that:

(1) Nevada Revised Statute ("NRS") 482.305 is preempted by 49 U.S.C. § 30106;

(2) NRS 482.305 is in direct contravention of 49 U.S.C. § 30106;

(3) NRS 482.305 is unconstitutional and void;

(4) Malco has no liability to the De La Cruzes for damages resulting from the accident;

(5) NRS 482.305 is void and without effect;

(6) NRS 482.305 and any Nevada law that imposes vicarious liability for the negligence of its renters on rental car companies or car leasing companies is preempted by 49 U.S.C. § 30106;

(7) the express language of 49 U.S.C. § 30106 preempts NRS 482.305 via the supremacy clause of the Constitution absent negligent or criminal wrongdoing of the owner of the rental vehicle that proximately causes a motor vehicle accident;

(8) Malco is not an insurance company and that renters are not insureds, employees, and/or agents of Malco under 49 U.S.C. § 30106;

**James C. Mahan**
**U.S. District Judge**

- 2 -

(9) Malco has federal protection and is immune from bodily injury and property damage claims that are proximately caused by the negligence of renters operating Malco's vehicles pursuant to 49 U.S.C. § 30106;

(10) *Hall v. Enterprise Leasing Company-West*, 137 P.3d 1104 (Nev. 2006) is preempted by 49 U.S.C. § 30106;

(11) Hess is personally financially responsible for any and all bodily injuries and/or property damages claims arising from the accident;

(12) Malco has no duty or obligation to indemnify Hess pursuant to 49 U.S.C. § 30106;

(13) Malco has no duty or obligation to defend Hess pursuant to 49 U.S.C. § 30106;

(14) 49 U.S.C. § 30106 is constitutional;

(15) 49 U.S.C. § 30106 is a constitutional exercise of congressional power pursuant to the commerce clause;

(16) 49 U.S.C. § 30106 is a proper exercise by congress of its commerce clause power;

(17) Malco has no duty to indemnify Hess for any claims asserted by the De La Cruzes pursuant to 49 U.S.C. § 30106;

(18) Malco has no duty to defend Hess against any claims asserted by the De La Cruzes pursuant to 49 U.S.C. § 30106; and

(19) 49 U.S.C. § 30106 regulates the "instrumentalities of" or "things in" commerce as well as an activity that "substantially affects" interstate commerce.

This is one of Malco's several attempts in this court to obtain declaratory judgment as to the preemption of NRS 482.305 and constitutionality of 48 U.S.C. § 30106. *See Malco Ents. of Nev., Inc. v. Campos et al*, No. 2:22-cv-01659-JCM-DJA (D. Nev. 2022); *Malco Ents. of Nev., Inc. v. Chen et al*, No. 2:22-cv-01303-CDS-DJA (D. Nev. 2022). The De La Cruzes' motion to dismiss is dispositive, so the court addresses only that motion.

## II. LEGAL STANDARD

To hear a case, a federal court must have subject matter jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The issue of standing is central to establishing subject matter jurisdiction. *Id.* at 560. Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may seek dismissal of a claim for lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face

James C. Mahan
U.S. District Judge

- 3 -

that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008).

Although the defendant is the moving party in a Rule 12(b)(1) motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189 (1936)). Dismissal for lack of subject matter jurisdiction is proper if the complaint, considered in its entirety, fails to allege facts that are sufficient to establish subject matter jurisdiction. *DRAM Antitrust Litigation*, 546 F.3d at 984–85.

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "cases and controversies." The "core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 559; *see also City of Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983) ("those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy"). A plaintiff must show that he has suffered an injury-in-fact, that the injury is traceable to the defendant, and that a favorable disposition of the suit would redress his injury. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). This showing is required even in the context of declaratory judgment. *See* 28 U.S.C. § 2201(a) ("In a case of *actual controversy* within its jurisdiction…any court…may declare the rights or other legal relations of any interested party seeking such declaration." (emphasis added)). Specifically, the plaintiff must show:

> (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" that is (2) "causal[ly] connect[ed]" and "fairly traceable" to "the conduct complained of" and "not the result of the independent action of some third party not before the court" and (3) "likely as opposed to merely speculative," such that "the injury will be redressed by a favorable decision."

*San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1011–23 (9th Cir. 2023) (quoting *Lujan*, 504 U.S. at 506–61). Without a concrete, personal injury that is not abstract and that is fairly traceable to the defendant's conduct, a plaintiff lacks standing to challenge such conduct as unconstitutional. *See id.*; *Allen v. Wright,* 468 U.S. 737 (1984).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

### III.  DISCUSSION

The De La Cruzes contend that Malco does not have standing because there is no actual controversy ripe for ruling and thus no justiciable dispute.  Malco's response, amongst much ado about the De La Cruzes' compliance—or lack thereof—with the local rules, fails to address this contention.  Perhaps Malco would have done well to familiarize itself with Local Rule 7-2(d) and this court's application of the rule.

An opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal.  LR 7-2(d).  The court does not seek out arguments to raise on behalf of plaintiff.  *See Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) ("A judge is the impartial umpire of legal battles, not a party's attorney.  He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments.").

Malco's response did not address the justiciability of the instant matter, which the De La Cruzes challenge pursuant to Rule 12(b)(1).  (ECF Nos. 8, 10).  Malco's failure to respond to any justiciability or Rule 12(b)(1) ground constitutes consent to the granting of the instant motion on those grounds.  *See* LR 7-2(d); *Salv, LLC v. Carrington Foreclosure Servs., LLC*, No. 2:21-cv-02207-JCM-BNW, 2022 WL 4626558, slip op. at 1–2 (D. Nev. Sept. 30, 2022) (granting the defendants' motion to dismiss pursuant to Local Rule 7-2(d) because the plaintiff's response did not address arguments in the original motion).

To be sure, the De La Cruzes' arguments are meritorious.  Malco has failed to demonstrate any concrete injury that would give it standing.  Indeed, the complaint alleges that "[t]here is no pending lawsuit between [Malco] and [the De La Cruzes]," and points only to threats of a lawsuit as the only hypothetical injury.  (ECF No. 1); s*ee Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013) (requiring each element of standing at the time the complaint is filed and throughout the course of litigation).  Even if Malco faced an imminent, concrete injury when the state court action was eventually filed, it did not exist at the time Malco filed the instant action nor does it exist now.  Without injury or threat thereof, there exists no actual controversy, and declaratory judgment is improper.  *See San Diego Cnty. Credit Union*, 65 F.4th at 1011–23.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV.    CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the De La Cruzes' motion to dismiss (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that Malco's motions for summary judgment, consolidation, and default judgment (ECF Nos. 9, 18, 22) are DENIED as moot.

IT IS FURTHER ORDERED that Hess's motion to set aside the clerk's entry of default (ECF No. 34) is DENIED as moot.

The clerk of the court is instructed to close this case.

DATED August 2, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**